# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

VERONICA A. RAMIREZ,

      Petitioner,

v.                                                    No. CIV 06-1172 BB/LFG

BARBARA WAGNER, Warden, and
GARY K. KING, Attorney General for
the State of New Mexico,

      Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

    1.    On December 4, 2006, Veronica A. Ramirez ("Ramirez") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] On January 26, 2006, she filed an amended petition. [Doc. 5.] On March 12, 2007, Respondents filed their Answer. [Doc. 8.] Based on the pleadings and the pertinent law, the Court recommends that Ramirez's § 2254 petition be denied on grounds of untimeliness and that the case be dismissed, with prejudice.

    2.    Respondents state that Ramirez is in the lawful custody of Barbara Wagner, Warden, pursuant to a valid Judgment and Order Suspending Sentence, filed on May 21, 2002, in the Third

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Judicial District Court, Dona Ana County, New Mexico (State v. Ramirez, No. CR-2001-0941), as well as pursuant to an Order Revoking Probation, Imposing Judgment and Partially Suspending Sentence, filed September 16, 2003 (State v. Ramirez, No. CR-2001-0941). [Doc. 8, Exs. A, C.]

3.  Ramirez sets forth a single claim in her § 2254 petition, that she was denied her right to appeal her conviction or sentence. Her petition actually fails to identify any claim on the lines provided; however, she alleges that she "was unaware [she] had the right to appeal" and "was not sure how to go about appealing my case." [Doc. 5, p. 3.] Thus, the Court reads her petition to attempt to assert a claim that she was denied her right to appeal her conviction, sentence, or revocation of probation.

4.  Respondents argue that Ramirez's petition is time-barred by two years and 100 days based on the time period between the Order Revoking Ramirez's Probation (September 16, 2003 plus thirty days) and the filing of her federal habeas petition (December 4, 2006 or January 26, 2007). Thus, Respondents contend that the petition should be dismissed, with prejudice.

**Procedural History**

5.  On March 20, 2002, Ramirez was convicted, in accordance with a guilty plea,[2] to a number of offenses of forgery. Ramirez was sentenced to a total of 21 years to be followed by 2 years on parole. However, the State Court suspended Ramirez's sentence and placed her on supervised probation for a 5-year period. The Judgment and Order Suspending Sentence [Doc. 8, Ex. A] further provides that if Ramirez was deported, the Field Services Division of the New Mexico

---

[2] Ramirez's § 2254 application states that she pled "not guilty" to seven counts of forgery but guilty to the probation violation. [Doc. 5, p. 2.] The Judgment and Order Suspending Sentence, however, notes that Ramirez's "guilty plea" was accepted and recorded by the Court on March 20, 2002. [Doc. 8, Ex. A.]

Corrections Department had the authority to place Ramirez on unsupervised probation on the condition that she not illegally re-enter the United States.

      6.      On June 24, 2003, the State filed a Petition to Revoke Probation, stating that Ramirez had been placed on unsupervised probation on the condition that she not illegally re-enter the United States. [Doc. 8, Ex. B.] On June 9, 2002, Ramirez attempted to illegally re-enter the United States and was convicted of "Reentry of Deported Alien Previously Convicted of an Aggravated Felony," in violation of 8 U.S.C. § 1326(b)(2). [Doc. 8, Ex. B, United States v. Ramirez-Villa, 02CR1297 BB, Judgment in a Criminal Case.] Because Ramirez violated a condition of unsupervised probation, the State sought a warrant for Ramirez's arrest and an Order revoking probation and imposing Judgment and Sentence. [Doc. 8, Ex. B.]

      7.      On September 16, 2003, the State Court entered an Order Revoking Probation, Imposing Judgment and Partially Suspending Sentence. [Doc. 8, Ex. C.] The Court held a hearing on the State's petition to revoke, at which Ramirez was present and represented by counsel. Ramirez admitted she violated probation. The Court concluded that Ramirez violated the terms and conditions of her probation and held a sentence hearing on September 10, 2003. Ramirez's probation was revoked, and she was sentenced to serve 11 years of the original 21-year sentence, followed by a term of 2 years of probation. Ten years of the sentence were suspended.

      8.      Ramirez did not take a direct appeal at any time, nor did she bring a state habeas proceeding. Between the time her probation was revoked, September 2003, and the date she filed her original federal habeas petition in December 2006, she took no actions with respect to her conviction, sentence, or revocation of probation.

**Analysis**

9.      The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. 2244(d)), amended federal habeas corpus procedures by adding a one-year limitations period for filing § 2254 petitions.  AEDPA became effective on April 24, 1996.  *See* Gibson v. Klinger, 232 F.3d 799, 803 (10th Cir. 2000) (noting AEDPA's effective date).  Ramirez was sentenced after this date, whether referring to her original sentencing in 2002 or the revocation of parole and sentencing in 2003.  Judgment was entered, at the latest, on September 16, 2003; thus, her federal habeas petition is subject to the one-year limitation period of AEDPA.

10.     28 U.S.C. § 2244(d) provides in pertinent part that the one-year limitations period --

> shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).  Ramirez did not take an appeal from the original Judgment and Order Suspending Sentence, entered May 21, 2002, or from the Order Revoking Probation, Imposing Judgment and Partially Suspending Sentence, entered September 16, 2003.  Because Ramirez took no direct appeal, the judgment and sentence became final for purposes of AEDPA on approximately October 16, 2003, thirty days after the second Judgment and Sentence was entered, which was the deadline for filing a direct appeal.  *See* Gibson, 232 F.3d at 804 (holding that the one-year statute of limitations is tolled for the thirty days during which a petitioner could have filed an appeal).

11.     In accordance with AEDPA, the statute of limitations for filing Ramirez's federal habeas petition would have expired on about October 16, 2004, if there were no tolling of that period while Ramirez requested state post-conviction relief.  Here, Ramirez did not request any state post-conviction relief, and there is no basis for tolling the one-year period.  Thus, Ramirez's federal habeas petition, whether calculated on the date she filed her original petition, December 4, 2006, or the amended petition, January 26, 2007, was filed well over several years too late.

12.     The Court also concludes there is no basis to support equitable or statutory tolling.  Ramirez states nothing more than she was unaware she had a right to appeal, had no attorney and had no law books available.  She does not attest that she sought to appeal her sentence and conviction, that she had any grounds that might support an appeal, or that she asked her attorney to appeal her sentence and conviction.  Moreover, she was given the opportunity to further support her federal habeas claim(s) by filing an amended § 2254 petition and yet, she provided no additional grounds to support her claim other than to state she was unsure how to appeal her case.

13.     Ramirez has not presented the "rare and exceptional circumstances" that might warrant equitable tolling, nor has she shown that she "diligently pursued [her] claims and demonstrated that the failure to timely file was caused by extraordinary circumstances beyond [her] control."  *See* Boyd v. Ward, 56 Fed. Appx. 849, 2002 WL 31772012 (10th Cir. Dec. 12, 2002) (*citing* Gibson, 232 F.3d at 808) (describing the limited circumstances when equitable tolling might be allowed), *cert. denied*, 539 U.S. 917 (2003).

14.     Based on all of the above-stated reasons, the Court concludes that Ramirez's § 2254 habeas petition is time-barred.

**Recommended Disposition**

That Ramirez Amended Petition [Doc. 5], the original petition [Doc. 1], and all claims asserted by Ramirez should be dismissed, with prejudice.

*Lorenzo F. Garcia*

Lorenzo F. Garcia
Chief United States Magistrate Judge